1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PROCTER & GAMBLE PRODUCTIONS, INC.,

        Plaintiff,

  vs.

SINDEE LEVIN; and AMERICAN MECHANICAL RIGHTS AGENCY, INC.,

        Defendants.

Case No. CV11-01333 GW (FFMx)

Assigned to: Judge George H. Wu

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

NOTE CHANGES MADE BY COURT

### I.     PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## II. DEFINITIONS.

**A.** <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**B.** <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**C.** <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under the applicable statutory and case law.

**D.** <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**E.** <u>Receiving Party</u>:  a Party that receives and/or inspects Disclosure or Discovery Material from a Producing Party.

**F.** <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

**G.** <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**H.** <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**I.** <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**J.** <u>House Counsel</u>:  attorneys who are employees of a Party.

**K.** <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel.

1    **L.**    Expert:  a person with specialized knowledge or experience in a
2    matter pertinent to the litigation who has been retained by a Party or its counsel to
3    serve as an expert witness or as a consultant in this action and who is not a past or
4    a current employee of a Party or of a competitor of a Party's and who, at the time
5    of retention, is not anticipated to become an employee of a Party or a competitor
6    of a Party's.  This definition includes a professional jury or trial consultant
7    retained in connection with this litigation.

8    **M.**    Professional Vendors:  persons or entities that provide litigation
9    support services (e.g., photocopying; videotaping; translating; preparing exhibits
10   or demonstrations; organizing, storing, retrieving data in any form or medium;
11   etc.) and their employees and subcontractors.

13   **III.   SCOPE.**
14       The protections conferred by this Stipulated Protective Order cover not
15   only Protected Material (as defined above), but also any information copied or
16   extracted therefrom, as well as all copies, excerpts, summaries, or compilations
17   thereof. ~~plus testimony, conversations, or presentations by parties or counsel to or~~
18   ~~in court or in other settings that might reveal Protected Material.~~  **(FFM)**

20   **IV.   DURATION.**
21       Even after the termination of this litigation, the confidentiality obligations
22   imposed by this Order shall remain in effect until a Designating Party agrees
23   otherwise in writing or a court order otherwise directs.

25   **V.   DESIGNATING PROTECTED MATERIAL.**
26       **A.**    Exercise of Restraint and Care in Designating Material for
27   Protection.  Each Party or non-party that designates information or items for
28   protection under this Order must take care to limit any such designation to

1  specific material that qualifies under the appropriate standards.  A Designating
2  Party must take care to designate for protection only those parts of material,
3  documents, items, or oral or written communications that qualify – so that other
4  portions of the material, documents, items, or communications for which
5  protection is not warranted are not swept unjustifiably within the ambit of this
6  Order.
7      Mass, indiscriminate, or routinized designations are prohibited.
8  Designations that are shown to be clearly unjustified, or that have been made for
9  an improper purpose (*e.g.*, to unnecessarily encumber or retard the case
10  development process, or to impose unnecessary expenses and burdens on other
11  parties) expose the Designating Party to sanctions.
12      If it comes to a Party's or a non-party's attention that information or items
13  that it designated for protection do not qualify for protection at all, or do not
14  qualify for the level of protection initially asserted, that Party or non-party must
15  promptly notify all other parties that it is withdrawing the mistaken designation.
16      **B.**    <u>Manner and Timing of Designations</u>.  Except as otherwise provided
17  in this Order (*see, e.g.*, second paragraph of Section B.1, below), or as otherwise
18  stipulated or ordered, material that qualifies for protection under this Order must
19  be clearly so designated before the material is disclosed or produced.
20      Designation in conformity with this Order requires:
21      **1.**    **For information in documentary form** (apart from
22      transcripts of depositions or other pretrial or trial proceedings), designation
23      requires that the Producing Party affix the legend "CONFIDENTIAL" or
24      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of
25      each page that contains Protected Material.  If only a portion or portions of
26      the material on a page qualifies for protection, the Producing Party also
27      must clearly identify the protected portion(s) (*e.g.*, by making appropriate
28      markings in the margins) and must specify, for each portion, the level of

protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection must determine which documents, or portions thereof, qualify for protection under this Order before the Receiving Party has indicated which material it would like copied and produced. After the Receiving Party has identified the documents it wants copied and produced, the Producing Party, then, will produce those documents that the Receiving Party has indicated it would like produced and copied within five court days of said request.

A Party or non-party that makes original documents or materials available for inspection must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**2.     For testimony given in deposition** ~~or in other pretrial or trial proceedings~~, **(FFM)** designation requires that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ **(FFM)** all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled

to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition ~~or proceeding~~ **(FFM)** is concluded) a right to have up to 20 calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 calendar days shall be covered by the provisions of this Stipulated Protective Order **."** In addition, each deponent is ordered that he may not divulge any Protected Material except to qualified persons. No person shall attend portions of the depositions designated as Confidential unless he or she is an authorized recipient of documents containing such Protected Material under the terms of this Order. The disclosing party or counsel for such party shall further have the right to exclude from any such deposition any person or persons not bound by the terms of this Protective Order during the duration of any deposition testimony relating to such Protected Material.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

VI. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

A. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or

delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     **B.**    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party, and must comply with Local Rules 37-1 and 37-2 governing discovery disputes.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

     **C.**    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The Motion must comply with Local Rules 37-1 and 37-2.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

/ / /

/ / /

VII. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    **A.**    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    **B.**    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    **1.**    The Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation, if and only if each Receiving Party, counsel for Receiving Party and employee of said counsel signs and delivers to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    **2.**    If the Receiving Party is not an individual: the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and delivered to Designating Party's counsel an executed the "Agreement to Be Bound by Protective Order" (Exhibit A);

/ / /

    **3.**    If the Receiving Party is an individual, the Receiving Party, so long as any the Receiving Party signs and delivers to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A).

    **4.**    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who signs and delivers to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A).

    **5.**    The Court and its personnel, so long as the party submitting Protected Material does so by submitting such Confidential Information under seal.

    **6.**    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who signs and delivers to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A).

    **7.**    During their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who signs and delivers to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A) – pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    **8.**    The author of the document, the original source of the information, and original recipients of the information who are indicated on the face of the document as a recipient.

**C.**    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    **1.**    The Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation so long as that person has signed and delivered to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

    **2.**    Experts (as defined in this Order) of the Receiving Party (a) to whom disclosure is reasonably necessary for this litigation, (b) who have signed and delivered to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A); and (c) as to whom the procedures set forth in Section D, below, have been followed.

    **3.**    The Court and its personnel, so long as the party submitting Protected Material does so by submitting this Confidential Information under seal.

    **4.**    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who sign and deliver to Designating Party's counsel an executed "Agreement to Be Bound by Protective Order" (Exhibit A).

    **5.**    The author of the document, the original source of the information, and original recipients of the information who are indicated on the face of the document as a recipient.

**D.**    <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

    **1.**    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as

10
STIPULATED PROTECTIVE ORDER

1  defined in this Order) any information or item that has been designated
2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must
3  make a written request to the Designating Party and include with such
4  notification a copy of the proposed recipient's curriculum vitae prior to
5  disclosing any information or item that has been designated "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

7  **2.**   A Party that makes a request and provides the information
8  specified in the preceding paragraph may disclose the subject Protected
9  Material to the identified Expert unless, within ten court days of delivering
10 the request, the Party receives a written objection from the Designating
11 Party. Any such objection must set forth in detail the grounds on which it
12 is based.

13 **3.**   A Party that receives a timely written objection must meet and
14 confer with the Designating Party to try to resolve the matter by agreement,
15 in accordance with Local Rules 37-1 and 37-2. If no agreement is reached,
16 the Party seeking to make the disclosure to the Expert may file a motion
17 seeking permission from the Court to do so. Any such motion must
18 describe the circumstances with specificity, set forth in detail the reasons
19 for which the disclosure to the Expert is reasonably necessary, assess the
20 risk of harm that the disclosure would entail and suggest any additional
21 means that might be used to reduce that risk. In addition, any such motion
22 must be accompanied by a competent declaration in which the movant
23 describes the parties' efforts to resolve the matter by agreement in
24 accordance with Local Rules 37-1 and 37-2 (*i.e.*, the extent and the content
25 of the meet and confer discussions) and sets forth the reasons advanced by
26 the Designating Party for its refusal to approve the disclosure.
27 / / /
28 / / /

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by certified mail, or personal service) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

All parties agree that violations of this Order shall result in the full panoply of available sanctions, authorized under California law, including, but not limited to, any and all sanctions for contempt.

**X. FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the Judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**XI. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline

that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION), above.

## XII.   MISCELLANEOUS.

    **A.**   Right to Further Relief.  Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

    **B.**   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    IT IS SO ORDERED.

Dated: June 6, 2012        /S/ FREDERICK F. MUMM
                                           FREDERICK F. MUMM
                                           United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California, in the case of *Procter & Gamble Productions, Inc. v. Sindee Levin et al.*, Case No. CV11-01333 GW (FFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

As soon as practical, but no later than 30 days after final termination of this action, I shall return, to the attorney from whom I have received them, any documents, information, or data in my possession designated "Confidential," or "Highly Confidential- Attorneys' Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, information, or data.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
              [printed name]

Signature:_____
              [signature]